IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BARBARA LAPEYROLERIE**                                                             **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:08-cv-00226-SAA**

**SECRETARY OF HEALTH**
**AND HUMAN SERVICES**                                                    **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying a period of disability and disability benefits under Title II of the Social Security Act. The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636 (c), both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of a final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Barbara Lapeyrolerie was born April 1, 1948 and was 57 years old at the time of her alleged onset of disability. She had earned her GED. Her employment experience includes employment as a hospital supply folder, sewing machine operator and supervisor. Plaintiff filed an application for benefits on November 28, 2006, alleging a disability onset date of November 12, 2005. Her application was administratively denied both initially and on reconsideration. Plaintiff contends she is disabled due to bone spurs in her neck, headache, and blindness in her

right eye. Plaintiff sought timely review from an administrative law judge (ALJ); in an opinion dated December 28, 2007, the ALJ found that plaintiff was not disabled as defined by the Social Security Act, and he denied plaintiff's request for benefits. Plaintiff unsuccessfully sought review from the Appeals Council and timely filed suit in this court. The case is now ripe for review.

## DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental

---

[1] *See* 20 C.F.R. § 404.1520 (1998).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. § 404.1520(b)(1998).

[4] 20 C.F.R. § 404.1520(c) (1998).

[5] 20 C.F.R. § 404.1520(d), 416.920(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525(1998).

2

demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education, and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8] Before considering extrinsic evidence whether other work exists, the Commissioner must consult the Medical-Vocational Guidelines as a framework for decision making. 20 C.F.R. Part 404 Subpart P Appx 2 (Guidelines) § 200.00(a).

After a hearing on plaintiff's application, the Commissioner, acting through the ALJ, concluded that plaintiff was not disabled within the meaning of the Act. In sum, the ALJ determined that even though the plaintiff has severe impairments of cervical strain and glaucoma (Tr. 23), they neither singly, nor in combination with other conditions, meet or medically equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24). The ALJ determined that the plaintiff has the residual functional capacity ("RFC") to perform less than light work, except that she cannot work at unprotected heights or with machinery and is limited to simple instructions and 2-hour intervals. (Tr. 24). Relying on the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff was unable to perform her past relevant work, but that there exist other jobs in significant number in the state and national economy that the plaintiff could perform. (Tr. 26 - 27). In making this determination, the ALJ also appropriately

---

[6] 20 C.F.R. § 404.1520(e) (1998).

[7] 20 C.F.R. § 404.1520(f)(1) (1998).

[8] *Muse*, 925 F.2d at 789.

cited to applicable medical vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, as required by Social Security Rulings 83-11, 83-12, 83-14 and 83-15. (Tr. 27). The ALJ noted that if plaintiff retained the RFC to perform the full range of sedentary work, Medical Vocational Rule 201.21 would require a finding of "not disabled." (Tr. 27). However, because plaintiff's ability to perform the full range of sedentary work was impeded by additional limitations, he had to assess plaintiff's abilities, then look to testimony of a vocational expert [VE] to determine whether there was work she could still perform, and ultimately to conclude that plaintiff was not disabled under the Social Security Act. (Tr. 27-28).

On appeal, the court considers whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the decision. *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir.1993), citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In the present case, the plaintiff argues that there is not substantial evidence to support the ALJ's finding of "not disabled" based on a review of the plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational Guidelines. Specifically, the plaintiff contends that the ALJ must be reversed because he did not use the correct legal standard when he improperly used Medical Vocational Rule 201-21, which is only applicable to persons ages 45-49, despite the fact that plaintiff is 57 years old and therefore classified as a person of "advanced age" (i.e., age 55 or above).. Plaintiff also claims the ALJ erred because proper application of the medical-vocational guidelines for the plaintiff's age group required a finding that she is disabled under the Act.

4

# ANALYSIS

In reviewing the ALJ's decision, this court is limited to determining whether there was substantial evidence in the record as a whole to support the decision that the claimant is not under a "disability" as defined by the Social Security Act. 42 U.S.C. § 405(g); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). *See Green v. Schweiker*, 694 F.2d 108, 110 (5th Cir.1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 357 (1983). The court may not re-weigh the evidence or substitute its judgment for that of the ALJ. *Hollis v. Bowen*, 837 F.2d at 1383 (5th Cir. 1988); *Jones v. Heckler*, 702 F.2d at 620. Where substantial evidence supports the administrative finding, the court may then only review whether the ALJ applied the proper legal standards and conducted the proceedings in conformity with the applicable statutes and regulations. *Hernandez v. Heckler*, 704 F.2d 857, 859 (5th Cir.1983).

Substantial Evidence

The ALJ found that at fifty-seven the plaintiff was a person of advanced age at her claimed onset date, that she had a high school education and her prior employment could be characterized as "light semi-skilled" work. (Tr. at 26.) The ALJ also found that plaintiff has a residual functional capacity (RFC) to perform "less than light" work and that her past work was "in excess of the claimant's current residual functional capacity which is less than light." (Tr. 24, 26). In making a preliminary determination of disability, the ALJ consulted the Medical-Vocational Rules [the "grids"] as required by law and cited Rule 201.21, which directs a finding of not disabled under the Act. SSRs 83-12 and 83-14. Plaintiff contends that because she was of "advanced age" under applicable regulations, the applicable rule should be Rule 201.06 – not 201.21 as cited by the ALJ. According to plaintiff, had the ALJ applied the proper rule, he would

5

have been obliged to find plaintiff was disabled.

The ALJ sought testimony from the VE based on his preliminary finding that Medical-Vocational Rule 201.21 supported a finding of "not disabled." (Tr. 27) This rule is applicable to persons of younger individual age (45-49 years), with at least a high school education, whose previous work was skilled or semiskilled – skills not transferrable, and who are limited to a full range of sedentary work. Using the same criteria used by the ALJ in his rule selection but applying the correct age of the plaintiff, the appropriate Medical Vocational Rule is Rule 201.06. Thus, plaintiff argues, if the ALJ had made the same determinations: sedentary RFC[9] or light RFC, high school education, no skilled entry, non-transferrable skilled or semi-skilled work, but included plaintiff's proper age category as advanced age – then the applicable Rules would direct a finding of "disabled."

Defendant argues that "plaintiff fails to acknowledge that the ALJ relied on vocational expert testimony to meet the Commissioner's step five burden," and therefore was not required to "[r]esort to the more general medical-vocational guidelines. . . ." Docket 15, p. 18. This statement is correct when application of the grids directs a finding of "not disabled." Under 20 C.F.R. Part 404, Subpart P, App. P §200.00(e)(2):

> (2) However, where an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how

---

[9]The ALJ's RFC for plaintiff is "less than light," which would lead to the use of the Sedentary Medical Vocational Guidelines. However, even under 202.06, which applies light restrictions, the rule directs a finding of "disabled."

6

much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.

According to SSR 83-5a, if by application of the grids a determination of "disabled" is directed, that determination is conclusive. SSR 83-5a, *1; *see also* Amendments Expanding the Regulations, General, 43 Fed. Reg. 55351(November 28, 1978) ("These rules are not presumptive, but are conclusive where the necessary findings with regard to each individual establish that a particular rule is met."). The Ninth Circuit has directly addressed this issue and straightforwardly held:

> In determining whether a claimant is disabled, the ALJ will usually refer to the grids, which were adopted by the Secretary in 1978. The grids correlate a claimant's age, education, previous work experience, and residual functional capacity to direct a finding of either disabled or not disabled. The Secretary adopted the grids to improve the efficiency of the application process and to promote uniform decision-making. *Heckler v. Campbell,* 462 U.S. 458, 461, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983).
> The ALJ must apply the grids if a claimant suffers only from an exertional impairment. 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 200.00(a) & (e) (1988). In such cases, the rule is simple: the grids provide the answer. Where the grids dictate a finding of disability, the claimant is eligible for benefits; where the grids indicate that the claimant is not disabled, benefits may not be awarded. However, where a claimant suffers solely from a nonexertional impairment, the grids do not resolve the disability question, *id.* at § 200.00(e)(1); other testimony is required. In cases where the claimant suffers from both exertional and nonexertional impairments, the situation is more complicated. First, the grids must be consulted to determine whether a finding of disability can be based on the exertional impairments alone. *Id.* at § 200.00(e)(2). If so, then benefits must be awarded. However, if the exertional impairments alone are insufficient to direct a conclusion of disability, then further evidence and analysis are required. In such cases, the ALJ must use the grids as a "framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations." *Id.* In short, the grids serve as a ceiling and the ALJ must examine independently the additional adverse consequences resulting from the nonexertionary impairment.

*Cooper v. Sullivan*, 880 F.2d 1152, 1155-1156 (9 Cir. 1989); *See also Barbee v. Astrue,* 2009

WL 4110259 (E.D.Tenn.,2009)(slip op.).

Based on the wording of the Regulations and the reasoning of *Cooper*, the court concludes that no matter whether he applied Rule 201.06 or 202.06 – that is, whether the ALJ's determination of plaintiff's RFC fell at either a sedentary or light level – in light of the plaintiff's age (advanced age), education (high school education), and previous work experience (skilled or semi-skilled work – skills not transferrable), she would be "disabled" under the grids. The direction of such a finding under the grids is conclusive and may not be rebutted by extrinsic evidence, even testimony of a VE. The ALJ's findings of fact do not support either the application of Rule 201.21 or a finding of "not disabled." Accordingly, the court holds that the decision of the ALJ is not supported by substantial evidence.

As the court has reviewed the relevant law and finds plaintiff's arguments persuasive with regard to plain legal error on the part of the ALJ in this case, the undersigned will not address the plaintiff's remaining arguments on appeal.

Determination of Benefits

In her appeal, plaintiff requests the court reverse the Commissioner's decision and remand with instructions to award benefits in accordance with sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). In deciding whether to reverse the Commissioner's final decision and remand for rehearing or to grant benefits without further administrative review, the court must look to the completeness of the record, the weight in favor of the plaintiff, the harm to the plaintiff that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. In this case, the plaintiff has been very patient. She has been seeking benefits through

the administrative processes for over three years. The evidence in this case is clear. By application of the correct Medical-Vocational Rule, a determination of disabled is warranted, and an award of benefits is proper without further inquiry into her work ability. Because the evidence is conclusive, an award of benefits at this stage would be in the best interests of the plaintiff's health and welfare and will avoid further undue delay which would result if the case was remanded for additional review. The court directs that this case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## CONCLUSION

A final judgment in accordance with this memorandum opinion will be issued this day.

This, the 9th day of March, 2010.

                                                /s/ S. Allan Alexander
                                          UNITED STATES MAGISTRATE JUDGE